Cynthia Y. CALLISTRO,
Plaintiff–Appellant,

v.

.NEW YORK CITY PARKS DEPART-
MENT, (Van Cortland Park Nursery),
Richard Cabo, Defendants–Appellees.

No. 14–868–cv.

United States Court of Appeals,
Second Circuit.

Feb. 6, 2015.

Cynthia Y. Callistro, Bronx, NY, pro se.

Kristin M. Helmers, Deborah A. Bren-
ner, for Zachary W. Carter, Corporation
Counsel of the City of New York, New
York, NY, for Defendants–Appellees.

PRESENT: PETER W. HALL,
RAYMOND J. LOHIER, JR., Circuit
Judges, and JEFFREY ALKER
MEYER,* District Judge.

### SUMMARY ORDER

·Appellant Cynthia Callistro, proceeding
pro se, appeals from the district court's
judgment dismissing her hostile work envi-
ronment claim under Title VII of the Civil
Rights Act after a jury verdict in favor of
the New York City Parks Department.
We assume the parties' familiarity with the
underlying facts, the procedural history of
the case, and the issues on appeal.

On appeal, Callistro reiterates her alle-
gations concerning her hostile work envi-
ronment claim. We construe Callistro to
be raising a general claim that the evi-

---

* Honorable Jeffrey Alker Meyer, of the United
States District Court for the District of Con-
necticut, sitting by designation.

dence presented at trial was insufficient to support the jury verdict and that the weight of the evidence was against the verdict. However, "[a] contention that there was insufficient evidence to warrant submission to the jury or that the verdict was against the weight of the evidence cannot be raised for the first time on appeal." *Scientific Holding Co. v. Plessey Inc.*, 510 F.2d 15, 28 (2d Cir.1974) (citations omitted). Even if we were to consider her claim for the limited purpose of determining whether the jury's verdict was "wholly without legal support," *Sojak v. Hudson Waterways Corp.*, 590 F.2d 53, 55 (1978) (per curiam) (remanding for new trial to prevent manifest injustice despite the fact that appellant, who moved to set aside the jury verdict, failed to request a directed verdict before submission of the case to the jury), remand for a new trial would not be warranted because the Parks Department provided sufficient evidence to defeat Callistro's hostile work environment claim. *See Gronowski v. Spencer*, 424 F.3d 285, 292 (2d Cir.2005) ("[W]e cannot weigh conflicting evidence, determine the credibility of witnesses, or substitute our judgment for that of the jury.").

Callistro also argues that the district court erred in allowing the Parks Department to introduce evidence that she had been receiving public assistance and had made offensive comments to her coworkers. However, she cannot challenge the admission of the majority of this evidence because she failed to object to its admission below. *See In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 133 (2d Cir.2008) (arguments not raised below are waived). To the extent that she did object, she cannot demonstrate that the evidentiary rulings altered the outcome of the trial because the challenged evidence is merely repetitive of the unchallenged evidence that the jury had already heard. *See Perry v. Ethan Allen, Inc.*, 115 F.3d 143, 150 (2d Cir.1997) (evidentiary rulings reviewed for harmless error).

Accordingly, we **AFFIRM** the judgment of the district court.